## MAIN *against* NEWSON.

A mere naked trustee, without interest, is a competent witness.

Where a debtor has assigned his property to A. for his benefit, and for the benefit of his other creditors, A. may execute a release to the debtor, of all his interest in the fund, and thus become a competent witness.

A witness' liability, for the costs of a suit, must be proved otherwise than by his own confessions, in order to render him incompetent.

Where a mere offer has been made to prove a witness interested, he may still be examined on his *voir dire*, where the testimony offered has been overruled.

ASSUMPSIT, for money paid, &c.

Plea, non-assumpsit.

The defendant produced a receipt in full, signed by the plaintiff's agent.

The plaintiff thereupon offered the agent as a witness, to prove a mistake in the giving of the receipt. He was objected to by the defendant, on the ground of interest; to prove which the defendant showed that the plaintiff, being in insolvent circumstances, had assigned all his property to the witness, for the benefit of his creditors.

VAN NESS, J. He is a mere naked trustee without interest; and such trustee has never been deemed an incompetent witness.(1)

(1) When the interest is strictly formal, and the witness cannot be benefitted or injured by the event of the cause, he is competent. Thus, a guardian, in socage, may be examined on behalf of his ward in an action brought by him. Gilbert, 123. A grantee, when he appears to be a mere trustee, is a good witness to prove the execution of the deed to himself. *Goss* v. *Tra-*

Main v. Newson.

The defendant then proved, that the witness was also a creditor of the plaintiff, and, therefore, a trustee with interest, and, consequently, inadmissible. The witness then agreed to release all his interest in the fund, and by the direction of the court, the release was executed to the plaintiff himself.(2)

cey, 1 P. W., 290; *Goodtitle* v. *Welford*, Douglass, 140. So an executor who has no interest in the surplus, being a mere trustee, may be a witness. *Anon.* 1 Mod., 107; Peake L. E., 156; *Bettison et al.* v. *Bromley*, 12 East. 250. If he is a party to the record, it would be otherwise, because he would be interested in the costs. *Man* v. *Ward*, 2 Atk. 229; Phillips' Law of Ev. 57. A trustee may be a witness without releasing. *Holt* v. *Tyrrel*, 1 Barnard, 12; cited by Lord Mansfield, in *Low* v. *Jolliffe*, 1 Bl. 365. A devisee, in trust, may be a witness, said to have been so decided at bar. Per Wilmot, J., *Low* v. *Jolliffe*, 1 Bl. 365; *vide etiam Heath* v. *Hall*, 4 Taunt. 326.

As all sealed instruments take effect from delivery, there is sometimes an embarrassment on this head, in the course of a trial, on account of the unwillingness of a party to receive such release, or the absence of the proper person to whom it ought to be delivered. In all such cases it will be sufficient to file it with the clerk in court. *Matthews* v. *Marchant*, 3 Dev. & Batt. 40; *Brown* v. *Brown*, 5 Alab. 508.

In the state of New York, interest no longer excludes a witness. Code Proc. sec. 398.

Consequently, in this state, all the learning in the books, in relation to interest and its discharge, has lost its value. How far any degree of interest may affect the credibility of a witness, is, here, a proper matter to be addressed to the jury.

(2) Perhaps a release to the *cestui que trusts*, would have been more correct in this case, the plaintiff having assigned the whole fund to the witness for the benefit of his creditors, and these assignments being usually accompanied with a release to the debtor. If this mode of release had been adopted, a difficulty might have arisen as to the delivery, the creditors not being present to receive the release; in such a case it is presumed that the filing of the release in court would be sufficient. Every objection of interest proceeds on the presumption that it may bias the mind of the witness, but this presumption is taken away by proof of his having done all in his power to get rid of the interest. *Goodtitle* v. *Welford*, Doug. 141; Phillips' Law of Ev. 99.

He was again objected to, on the ground of his being liable for the costs of this action, as it was brought in the name of the plaintiff, under the direction of the witness, for the benefit of the fund of which he was assignee. To prove this fact, the defendant offered to give in evidence, the confessions of the witness.

VAN NESS, J. They cannot be received : witnesses might, in this manner, constantly disqualify themselves. This testimony might be admissible on an application for an attachment against the witness for costs. But here, the interest of a third person is concerned.(3)

The defendant then prayed that the witness might be put upon his *voir dire*, as to the last objection relative to his responsibility for the costs. This was objected to by the plaintiff, on the ground that the defendant had already elected to prove the witness's interest by testimony.

VAN NESS, J. The interest of a witness may be proved either by the testimony of third persons, or by the witness's own oath *voir dire;* and when a party elects the one, he cannot afterwards resort to the other. Here, however, to

(3) It is a well established rule, in the law of evidence, " that when a person makes himself a party in interest, after a plaintiff or defendant has an interest in his testimony, he may not, by this, deprive the plaintiff or defendant of the benefit of his testimony." A witness, therefore, cannot disqualify himself by laying a wager on the event of the cause. *Barlow* v. *Vowel,* Skin. 586 ; *Rex.* v. *Fox,* 1 Str. 652. Nor from parity of reason could his mere confession, as in this case, make him incompetent. But these facts might, in both cases, go to his credit. 1 Str. 652. This rule of evidence is an exception to the general rule of law, but it is founded on the true principles of justice, for otherwise it would always be in the power of witnesses, and oftentimes in that of the adverse party himself, to deprive the person wanting his testimony of the benefit of it. Peake Ev. 158.

Main v. Newson.

prove his interest, on account of his liability for costs, there has been only a mere offer to proceed by testimony, which has been overruled.   The party, therefore, cannot be said to have elected.   Let him be sworn on his *voir dire*.

In the further progress of this cause it appeared, that it had been agreed between the plaintiff and the defendant, that the plaintiff should effect an insurance on a certain vessel of the defendant's, to the extent of his claim, and that if she should be lost, and a recovery had against the underwriters, he should look to that fund for payment. The vessel was lost, a recovery had, and the money in the hands of the plaintiff's agent, to whom the defendant contended, the plaintiff was bound to look for payment.

VAN NESS, J.   I consider the agreement as creating a mere lien on the fund, and by no means a relinquishment of the defendant's personal responsibility; it is a collateral security only.

If the plaintiff had elected to proceed against the agent, the money in his hands would have been so much money had and received for the use of the plaintiff.   But, since the plaintiff has elected to proceed against the defendant, that money, in the event of a recovery here by the plaintiff, will be so much money had and received by the agent, for the use of the defendant.

The plaintiff then produced a written agreement, to the effect above mentioned, in which the defendant promised to pay in the event of a failure of recovery from the underwriters.   The plaintiff thereupon took a verdict, subject

to the opinion of the court on the construction and opera-
tion of the instrument.(4)

*Baldwin*, for the plaintiff.

*S. Jones*, for the defendant.

---

(4) This case came before the court in May term, 1808.   The defendant
not being prepared with his points, according to the rules of court, judgment
passed against him, *ut semble.*   3 Johns. Rep. 542.